UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bernard Bagley, | ) | C/A No. 5:15-cv-02423-TLW-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| David Dunlap, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

Bernard Bagley ("Petitioner") has submitted a Petition for Writ of Habeas Corpus to this court on a petition form intended for use by persons submitting claims under 28 U.S.C. § 2241. Pet. 1, ECF No. 1. In his pleading, Petitioner challenges the validity of a 1990 Richland County murder conviction on which he is currently serving a life sentence in the custody of the Warden at Kershaw Correctional Institution. Petitioner alleges that he was indicted under the wrong state statute, which he contends made the indictment defective and the conviction invalid. He asserts that "[t]his issue can be raised at any time." *Id.* at 2, 7. Petitioner also includes a second claim, alleging that he was unconstitutionally denied parole for a third time on this allegedly improperly indicted conviction. In Petitioner's third claim he alleges that his due-process rights were

1

violated when the South Carolina Supreme Court, through its then-Chief Justice, denied his request to file an application for post-conviction relief based on his claim of invalid conviction and sentence that he allegedly "just recently found out." *Id*. at 8-9. Petitioner asks this court to "grant [him] immediate release from the custody of the department of corrections." *Id*. at 9.

This is the third time that Petitioner has submitted a § 2241 petition form in an attempt to challenge the underlying validity of this same 1990 conviction and sentence. *See* Civil Action Nos. 2:96-487-SB (decision on the merits; summary judgment for respondent); 2:07-425-PMD (summary dismissal for successiveness); 2:10-1557-TLW (summary dismissal for successiveness).[1] The undersigned takes judicial notice that, in each of those previous cases, Petitioner was clearly informed that challenges to the validity of this criminal conviction entered against him in a state court must proceed under 28 U.S.C. § 2254, not § 2241. *See Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").[2] Accordingly, the Petition in this case is being construed as one submitted under § 2254. There is no allegation in the Petition or entry on the docket of this case showing that Petitioner received permission from the Fourth

---

[1] Petitioner has also filed several unsuccessful § 2254 petitions challenging the same conviction and sentence. *See* Civil Action Nos. 3:92-1540-SB; 2:94-2487-SB; 2:95-1786-PMD; **Error! Main Document Only.**2:03-1678-PMD; 2:04-22327-PMD.

[2] *See Hao Qing Zhan v. Wilson*, No. 8:12-CV-03052-RBH, 2013 WL 4500055, at *5 (D.S.C. Aug 19, 2013); *see also Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004) (relying on *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), and holding: "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); *see also Gregory v. Coleman*, 218 F. App'x 266, 267 n.* (4th Cir. 2007) (noting trend, but not taking a definitive position). *Cf. Meeks v. McKoy*, 371 F. App'x 441, 442 (4th Cir. 2010) (citing *Wade v. Robinson*, 327 F.3d 328, 330-31 (4th Cir. 2003) and holding that § 2254's one year statute of limitations applied to challenge of state prison disciplinary conviction filed on a § 2254 petition form).

Circuit Court of Appeals to file this habeas case in this court.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed

pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.    Discussion

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[3] The "gatekeeping" mechanism created by the AEDPA added section 2244(3)(A) to provide:

---

[3] With authorization, Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can

4

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010). The Petition for Writ of Habeas Corpus under review should be summarily dismissed because it is a successive petition challenging the validity of Petitioner's 1990 murder conviction, and Petitioner did not obtain permission from the Fourth Circuit Court of Appeals before filing it.

Initial review of the Petition filed in this case discloses that it is a successive petition because it raises a claim against the validity of Petitioner's 1990 Richland County murder conviction which should have been brought in the first habeas case that was considered by this court on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). This court considered the merits of Petitioner's four grounds for relief (two directed to a related burglary conviction and two directed to the murder conviction) stated in a habeas petition in *Bagley v. South Carolina*, No. 2:96-487-SB. *See* Order Granting Summary Judgment at 5-6, ECF No. 31 (in 2:96-487-SB). Since that time, Petitioner has attempted to raise other arguments against the validity or continued validity of the subject murder conviction in his many previous habeas petitions in this court; however, he alleges that he only recently found out that he was indicted under the wrong state criminal statute and asserts that this claim can be raised "at any time." ECF No. 1 at 9.[4] If this allegation is true, then Petitioner should have requested authorization to file

---

make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

[4] Any possibility of success on the merits of the other two claims asserted in the Petition is completely and directly reliant on the merits or lack thereof of Petitioner's initial claim that the conviction was entered on an invalid indictment. Thus, if Petitioner's first asserted ground for

this successive petition from the Fourth Circuit "based on newly discovered evidence . . . ." 28 U.S.C. § 2244(b)(2)(B). However, as stated previously, there is no indication in the Petition or on the docket of this case that Petitioner made any effort to obtain authorization from the Fourth Circuit before he filed this case. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this successive Petition, this district court does not have jurisdiction to consider it and it is subject to summary dismissal without requiring a response from Respondent. *See United States v. Winestock,* 340 F.3d 200, 205-06 (4th Cir. 2003)*; Moody v. Maynard*, 105 F. App'x 458, 464-65 (4th Cir. 2004).[5]

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

July 16, 2015                                                                                    Kaymani D. West
Florence, South Carolina                                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

relief is not properly before this court, then neither of the other two grounds can be considered under this pleading either.

[5] Petitioner may obtain a form to use to seek such authorization by contacting the Clerk of Court for the Fourth Circuit Court of Appeals, Patricia S. Connor, at Lewis F. Powell, Jr. United States Courthouse Annex, 1100 East Main Street, Suite 501 Richmond, Virginia 23219-3517.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).