IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Bernard Bagley, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 5:15-cv-02423-TLW |
| | ) | |
| David Dunlap, *Warden, Kershaw CI*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER**

The Petitioner, Bernard Bagley ("Petitioner"), brought this action, *pro se*, for a writ of habeas corpus on October 22, 2014. (Doc. #1).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on July 16, 2015 by United States Magistrate Judge Kaymani D. West, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) (DSC). (Doc. #10). In the Report, the Magistrate Judge recommends that the Petition be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915, which authorizes a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," among other reasons. (Doc. #10); §§ 1915(e), 1915A. Petitioner filed Objections to the Report on July 27, 2015 and a motion for a Certificate of Appealability on July 30, 2015. (Doc. #12, Doc. #14).

Petitioner captioned his Petition as one asserting claims pursuant to 28 U.S.C. § 2241. (See Doc. #1). Petitioner has asserted claims that challenge the underlying validity of his conviction and sentence, claims which are cognizable under 28 U.S.C. § 2254, not § 2241. Accordingly, the

Magistrate Judge construed the Petition as one filed pursuant to 28 U.S.C. § 2254 (Doc. #10), and recommended summary dismissal as the Petition is successive.

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court therefore applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the relevant filings, the Report and Recommendation, and Petitioner's objections. To the extent the Petitioner attempts to challenge the validity of his conviction and sentence under 28 U.S.C. § 2241, the Court concludes that the Petitioner is not entitled relief under that section. Accordingly, after careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #10). For the reasons articulated by the Magistrate Judge, Petitioner's § 2254 petition is **DISMISSED**. (Doc. #1).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of

appealability as to the issues raised herein.  Accordingly, Petitioner's motion for a certificate of appealability is **DENIED**.  (Doc. #14).  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

February 4, 2016
Columbia, South Carolina